THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN RAMÓN RAMOS, Defendant and Appellant.

No. 15141.   Argued November 7, 1951.—Decided November 26, 1951.

*Brown, Newsom & Córdova* for appellant.   *Víctor Gutiérrez Franqui, Attorney General,* and *Frank Vizcarrondo Vivas, Assistant Fiscal of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

An inspector of the Department of Health took samples of milk coming from several dairies from jugs duly identified with the name of the dairies.   Among them he took a sample of milk from appellant's dairy, placed it in three glass containers and after sealing these with wax, he labeled them with the number 639, the letters J. A. (Inspector Julio Álvarez's initials) and the date, and delivered one of the

containers to the driver of the truck which transported the milk, to be delivered to the appellant. Upon being examined in the laboratory of the Department of Health, this milk turned out to be adulterated. That same day the inspector took another sample of milk transported in the same truck, from the jugs containing milk from Juan E. Casanova's dairy and labeled it with the number 637. This milk, upon being examined, turned out to be in good condition. Appellant was notified of the outcome of the examination of his milk and upon being accused of the offense of adulteration of milk, he tried to prove at the trial that the sample of milk taken from his dairy, a container of which was delivered to him, was the milk marked with the number 637, and his defense consisted in attempting to prove that the inspector erred in labeling the different samples of milk. The lower court did not believe this evidence and on the contrary believed the testimony of the inspector, who explained in detail the procedure followed in these cases, found the defendant guilty and sentenced him to pay a fine of $25.

In this appeal appellant's only assignment of error is that the court erred in weighing the evidence and determining that it was proved beyond a reasonable doubt that the milk in sample 639 came from appellant's dairy.

We have examined the evidence thoroughly and are convinced that the error assigned was not committed.

Appellant himself admits that failure to deliver to defendant a sample of the milk which later turns out to be adulterated, although the Regulations of the Department of Health so require, constitutes no defense. *People* v. *Pérez*, 23 P.R.R. 815; *People* v. *Palacios*, 66 P.R.R. 906 and *cf.* *People* v. *Malgor Méndez*, per curiam of September 7, 1951. Thus even if one of the vessels containing a portion of the sample of milk had not been delivered to the appellant, if it was proved that said sample turned out to be adulterated, he was liable to prosecution and conviction.

■ Now, the lower court was not obliged to believe appellant's evidence to the effect that the sample of milk which the driver delivered to him was sample 637. Indeed, even though it had believed said evidence, that fact is not incompatible with the proved fact that sample number 639, which corresponded to the milk from appellant's dairy, was the one which turned out to be adulterated.

The judgment will be affirmed.